## PEOPLE *v.* SULLIVAN.

*Albany Oyer and Terminer, Third District; January, 1888.*

*Indictment of election inspectors; false return.*]  An indictment of election inspectors for attempting to make a false statement of the result of the count of the votes is not demurrable, although it shows on its face that such statement was made several days after the

election, and that the defendants had made a statement of the result on the day of the election as required by law. The inspectors do not become *functus officio* upon the performance of that duty, and cannot claim immunity from punishment as inspectors, because their subsequent action was illegal or unauthorized.

Demurrer to indictment.

The facts sufficiently appear in the opinion.

MAYHAM, J.—This indictment charges the defendants with attempting to make and making a false statement of the result of the count of the votes cast at the eleventh election district of the town of Watervliet, in the county of Albany, at a general election, held therein, on November 8, 1887, and delivering it to the supervisors, as and for the regular returns of said district, they being inspectors of election at such election district, in violation of the provisions of section 18 of chapter 56 of the Laws of 1880. The indictment also charges that these defendants, with one James Moffatt, all acting as such inspectors of election, duly proceeded to and did canvass the votes cast in and for said election district, at such election, for the office of senator, and did duly declare and announce the result of said canvass so made as aforesaid by them.

That on November 14, 1887, these defendants, assuming to act and acting as such inspectors as aforesaid, and being such inspectors as aforesaid, and in disregard of their duties as such inspectors, willfully, feloniously. and intentionally, attempted to make and made a statement of the result of the canvass so made, announced and declared by them as aforesaid, and which they then and there signed as such inspectors as aforesaid, and which they then and there delivered to one Richard Scully, who was the supervisor of the town of Watervliet, duly qualified and acting as such, and in which statement so delivered as aforesaid at the end thereof was a certificate duly made and subscribed by the defendants as inspectors as aforesaid, that such statement is

correct in all respects, which defendants delivered to said Scully as and in performance of their duties as such inspectors, and was received by said Scully as and in performance of his duty as supervisor.

The indictment also avers that said certificate was so delivered to the said supervisor within twenty-four hours after it was signed by the defendants, and sets out a copy of the certificate.

The indictment then charges that such certificate was not a true and correct statement of the result of the canvass, as made and declared by the inspectors of election at the time of the canvass of said votes, but was a false statement of the result of said canvass, and the same was intentionally, willfully and wrongfully attempted to be made, subscribed, signed and certified by the defendants as and for a false statement of the result.

The indictment further charges that the statement and certificate so made by the defendants on November 14, was, as each of the defendants knew, false, in that it declared that Norton Chase received two hundred and thirty-one votes for senator, whereas as they each well knew said Chase did not, as the result of said canvass, receive two hundred and thirty-one votes, but received one hundred and eighty-six votes and no more, and that said statement and certificate so made by the defendants is and was false, as the defendants each well knew, in that it declares as the result of such canvass that Henry Russell received two hundred and thirty-seven votes for senator, when in fact, as each of the defendants well knew, said Russell, as a result of such canvass, received two hundred and eighty-two votes.

The above statement contains enough of the substance of the charges and negations in the indictment to present the question raised by the defendants demurrer to this indictment.

The defendants demur to this indictment on the ground that the whole indictment read together does not charge the commission of a crime under the statute under which the same is made.

The argument is, that as the canvassers were charged with the duty of canvassing the votes on November 8, the day on which the election was held, and as the indictment shows upon its face that the board of canvassers performed that duty on that day, and declared the result, that their powers as canvassers were on that day all spent, and that they as canvassers on the completion of that duty became and were *functus officio*, and any acts of them or either of them after that time, relating to said canvass or certificates, were but the acts of private citizens, and could not constitute a crime committed as inspectors of election.

The language of the section of the statute under which this indictment is found, is as follows:

" Every inspector of election or clerk of the poll, who shall intentionally make or attempt to make any false canvass of the ballots cast at an election, or shall intentionally make, or attempt to make any false statement of the result of any canvass, though not signed by a majority of the inspectors of election, shall be guilty," etc.

The learned counsel for the defendants relies chiefly upon the decision of the Special Term of this court, which was affirmed by the General Term, in the case of People *ex rel*. Henry Russell, against the county board of canvassers of Albany county.* In that case the learned justice who delivered the opinion at the Special Term, which was affirmed by the General Term on appeals, states the question before him as follows: " The simple question here is, whether the return of November 14, is to be considered by the board of canvassers in making up their result." He then proceeds in a very clear, logical and conclusive argument to demonstrate, that for the purposes of canvassing the votes cast at that election the powers of the canvassers were spent when they declared the result on the day of the election. That was the only question before him for adjudication, and that was all he assumed to decide.

* People *ex rel* Russell v. Canvassers of Albany County, *ante*, p. 19.

The question discussed in that case was whether any other return, made under any other circumstances than that provided for by statute, could be taken and regarded by the board of county canvassers, except the certificates of the count as made by the board of canvassers, of an election district, at the time of the canvass under the forms of law, and as evidence that they cannot be, refers to their statutory duty after the count is completed to destroy the ballots. That duty performed, he holds that the office for the purpose of a canvass, is *functus officio.* But it will be seen by an examination of the statute that for other purposes than those of counting the votes and declaring the result, the official functions of those officers continue. Section 301 of the Election Code provides for preparing and signing a certificate of the result of the canvass. Section 302 of the same code provides for making copies of the certificates. Section 303 provides for the inspectors, or some one of them, filing the poll list in the town clerk's office. Section 304 provides that the remaining ballots not pasted on the returns shall be destroyed. Section 305 provides that the original certificate shall be delivered by the inspectors, or one of their number, within twenty-four hours after it shall have been subscribed, to the supervisor or some other officer designated therein.

It is true that section 304 provides that after the ballots shall be destroyed the board of inspectors shall be dissolved.

But I think it does not follow from that provision that the office of inspector held by the incumbent ceases. The office of inspector of election is an elective office created by statute and elected at annual town meetings, and while they are ministerial officers, and must act strictly within the limits prescribed by statute, I do not think it can be maintained that, because they have no power to make false or fictitious returns, they can claim immunity from punishment for such an act, simply because the act was illegal or unauthorized.

Suppose one or all of the inspectors, after the canvass, change the declared result, and substitute, fraudulently, another and different one for the county canvassers, can it be

said that they are not liable under section 18 of chapter 56 of Laws of 1880 (section 244 of the Election Code), simply because the unlawful act was done after they adjourned or dissolved as a board of inspectors? It seems to me not.

Again, the board of county canvassers frequently find the returns of inspectors defective and return them for correction. Suppose on such occasion the inspectors, although 'days have elapsed since the canvass was made, fraudulently change the canvass or result, could it be said they they were out of office and therefore not amenable to the provisions of section 244 of the Election Code? I think not.

If I am right in my conclusions, then the indictment in this case charges a crime under the statute referred to.

The demurrer must be overruled, and the defendants must plead to the indictment upon the merits.

